In the Matter of the Claim of CARMELO ALGERI, Appellant, against BRADY & GIOE, INC., and FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the claimant from a decision of the State Industrial Board disallowing additional compensation on the ground that the claimant failed to establish by competent or credible evidence causal relation between the accident and the alleged subsequent disability. The claimant introduced no medical evidence of causal relation at any of the hearings or following the reopening of his claim, relying solely on the testimony of the attending physician, Dr. Baldovin. His report was contradicted by sworn testimony of two doctors. Therefore, as a matter of law, claimant failed to establish his claim. One member of the State Industrial Board is empowered to act for the Board in a review of a referee's decision. (Labor Law, § 27; Workmen's Comp. Law, § 127; Id. § 22.) Decision unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of AUGUSTA TOWLE, Appellant, Respondent, and CORA TOWLE PRUDHOMME and ALICE TOWLE, Minor Children of EVERETT TOWLE, Deceased, Respondents, against LORD & BURNHAM and UTICA MUTUAL INSURANCE COMPANY, Respondents, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Everett Towle came to his death on September 9, 1932, from injuries received when the ferry boat *Observation* sank. No question is now raised as to the application of the Workmen's Compensation Law. He left him surviving a widow, who died March 10, 1938, and two minor children, born respectively August 24, 1917, and December 10, 1928. An award of fifteen per cent of his wages was made to each of the two dependent children. On April 29, 1938, the claim made by the representatives of the widow, for death allowances, which would have been payable to her had an award been made, was denied upon the ground that the right to this sum of money did not become vested, as no award had been made. During the interval, between the death and the award, extensive litigation was conducted continuously in similar test cases, some seventy persons having died in the same accident. The award of fifteen per cent to the dependent children was proper, and the authorities of this State, and the provisions of the act, justify the decision made by the Board denying payment of the widow's death benefits to her representatives. Decision unanimously affirmed, with costs in favor of Cora Towle Prudhomme and Alice Towle against the carrier. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.